**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4097

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL GEORGE ROBERTS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Robert C. Chambers, District Judge. (2:05-cr-00074-RCC)

Submitted: August 4, 2006          Decided: September 7, 2006

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Manuel George Roberts was convicted of conspiracy to knowingly possess counterfeit securities with intent to deceive others, in violation of 18 U.S.C. §§ 371, 513(a) (2000), and possession of a TCF Bank check with intent to deceive another, also in violation of § 513(a). Roberts was sentenced to eighteen months in prison. He appeals his convictions, arguing that venue did not lie in the Southern District of West Virginia. We affirm.

Investigators who executed two search warrants in Charleston, West Virginia, discovered that Roberts had in his possession over $680,000 in counterfeit checks and postal money orders, seventeen United Parcel Service envelopes with a completed address label affixed to each envelope, and an application for an identification card in the name of Darias Jones. Several of the checks were made out to Darias Jones. One investigator testified that it appeared that Roberts intended to obtain the identification in Jones' name.

Roberts admitted that, while in Alaska, he had met an individual named John over the internet. Roberts acquiesced to a scheme proposed by John, who was based in Nigeria. John was to mail checks and money orders to Roberts, who would then re-mail them to various individuals in the United States whose names appeared on the checks and money orders. Roberts was to receive ten percent of the value of each check and money order that was

negotiated.  Roberts admitted that he suspected the operation was "wrong" and said that a bank employee had told him that the checks were bogus.  Roberts told investigators that he had received approximately $6000 from the arrangement.  Nothing Roberts said or did suggested to investigators that he had withdrawn from the conspiracy.

Viewing the evidence on venue in the light most favorable to the Government, we conclude that the Government met its burden of establishing venue on each count of the indictment.  See United States v. Scott, 270 F.3d 30, 34 (1st Cir. 2001).  Roberts' knowing possession of counterfeit money orders and checks worth over $680,000, including the TCF Bank check identified in Count Two, his possession of checks made out to Darias Jones and an application for identification in Jones' name, and his possession of pre-addressed envelopes, in which he presumably intended to mail checks and money orders in continuation of the conspiracy, establish that Roberts had not stopped his participation in the conspiracy, but had merely moved his part of the operation to West Virginia.  He clearly possessed the money orders and checks, including the TCF Bank check, with the intent to deceive and in furtherance of the conspiracy, in the Southern District of West Virginia.

Venue as to each count was proper in the Southern District of West Virginia.  We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are

- 3 -

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED